STATE OF NORTH CAROLINA v. LORETTA EATON

No. 7021SC303

(Filed 27 May 1970)

Criminal Law § 166— failure to bring forward questions preserved by assignments of error

    Appeal is subject to dismissal for failure to comply with Court of Appeals Rule 28 where defendant failed to bring forward in her brief any of the questions preserved in the assignments of error.

APPEAL by defendant from *Johnson, J.,* 5 January 1970 Session of FORSYTH County Superior Court.

Defendant was charged in a three-count bill of indictment with (1) housebreaking, (2) felonious larceny, and (3) receiving stolen property. She entered a plea of not guilty to each count.

The evidence presented at the trial tended to show:

The Orrs (Betty and James) lived in a basement apartment at 619 Mt. Vernon Avenue in Winston-Salem. The defendant lived at the same address in an apartment above the Orrs. They were friends and did favors for each other. In June 1969 the Orrs left on a trip and requested the defendant to watch their apartment while they were gone. The defendant was not given access to the apartment. The Orrs returned about 2:30 a.m. on 28 June 1969. They found a 1959 Chevrolet automobile in their driveway and lights on in their apartment. The door of their apartment had been forced open, and a screen over the rear window had been cut. Various items of their household possessions were missing. The defendant stated that she had heard a noise in the apartment and had come down to investigate and had found someone inside. Linda Hawks, (Linda) the owner of the 1959 Chevrolet automobile in the driveway, was also present. Police officers were called to the scene and conducted an investigation but no arrest was made.

Several months later on 19 November 1969, Betty Orr testified that the defendant came to her apartment and told her that she knew about the break-in and that she had acted as the lookout; that a man by the name of Bradley did the breaking in; that the stolen articles were put in the trunk of Linda's Chevrolet automobile and had been taken to Bradley's home or thrown in a nearby lake. Betty Orr called Detective Sergeant Burk to come to her apartment, and in his presence the defendant repeated the story. Betty Orr swore out a warrant for the defendant and instigated the charges on which the defendant was tried.

At the trial, Betty Orr testified to the above facts and was corroborated by Detective Sergeant Burk. The defendant denied that she had made any such statements and denied any participation in the breaking into the apartment and the subsequent larceny.

The jury returned a verdict of guilty of felonious larceny and not guilty as to housebreaking. From the imposition of a prison sentence of eighteen months, the defendant appealed to this Court.

The defendant assigns as error (1) the failure of the trial court to conduct a *voir dire* examination and make findings regarding the

voluntariness of the alleged confession, (2) the admission of evidence after the jury had retired initially for deliberation, (3) the failure of the trial court to declare a mistrial when one juror dissented from the verdict during a poll, (4) failure of the trial court to set aside the verdict, and (5) the entry of judgment upon the verdict.

*Attorney General Robert Morgan by Deputy Attorney General James F. Bullock for the State.*

*Robert M. Bryant for defendant appellant.*

CAMPBELL, J.

The defendant has failed to bring forward in her brief any of the questions preserved in the assignments of error. The appeal is therefore subject to dismissal for failure to comply with Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

We have nonetheless searched the record and find no error which, if properly presented to us, would be prejudicial to the defendant.

No error.

PARKER and VAUGHN, JJ., concur.